IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHUKWUMA E. AZUBUKO,           )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civ. No. 05-031-SLR
                               )
EASTERN BANK,                  )
                               )
          Defendant.           )

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Chukwuma E. Azbuko,[1] a pro se litigant, filed this

---

[1] Plaintiff has an extensive litigation history. In the past eleven years, he has filed numerous lawsuits that have been dismissed as frivolous or for failure to state a claim or on res judicata grounds. See e.g., Azubuko v. Giorlando, 213 F.3d 625 n. 2 (2d Cir. 2000)(unpublished table decision), available at 2000 WL 553184; Azubuko v. Rufo, 108 F.3d 328 (1st Cir. 1997)(unpublished table decision); Azubuko v. Louisiana, No. 04-1768, 2004 WL 2360163 (E.D. La. Oct. 19, 2004); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 95-1035 (D. Mass. May 5, 1995); Azubuko v. Board of Trustees of Framingham State College, C.A. No. 93-11398-T (D. Mass. Nov. 10, 1994); Azubuko v. Registrar of Motor Vehicles, C.A. No. 75-10763-Y (D. Mass April 19, 1995); Azubuko v. Commissioner of Registry, 45 F.3d 423 (1st Cir. 1995); Azubuko v. Board of Trustees of Framingham State College, Middlesex Super. Ct., C.A. No. 97-5662 (1988); Azubuko v. Board of Trustees of Framingham State College, Suffolk Super. Ct., C.A. No. 97-5015-B (1998); Azubuko v. Peter Lauriat, Justice of the Super. Ct., Suffolk Super. Ct., C.A. No. 97-5016-C (1988). He has also filed numerous petitions for certification, writs for extraordinary relief and appeals in the United States Supreme Court. See Azubuko v. Berkshire Mut. Ins. Co., ___ U.S. ___, 125 S.Ct. 643 (Nov. 29, 2004); Azubuko v. Berkshire Mut. Ins. Co., ___ U.S. ___, 125 S.Ct. 202 (Oct. 4, 2004); In re Azubuko, 522 U.S. 806 (Oct. 6, 1997); Azubuko v. Montgomery, 520 U.S. 1225 (May 12, 1997); Azubuko v. Registrar of Motor Vehicles, 520 U.S. 1225 (May 12, 1997); Azubuko v. First Nat. Bank of Boston, 520 U.S. 1205 (Apr. 28, 1997); Azubuko v. Liberty Mut. Ins. Group, 520 U.S. 1188 (Apr. 21, 1997); Azubuko

action pursuant to 42 U.S.C. § 1981,[2] 15 U.S.C. 1, the Sherman and Clayton Acts.[3]  He requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 2)

---

v. Bd of Directors, British Airways, 520 U.S. 1188 (Apr. 21, 1997); Azubuko v. Bd of Trustees, Framingham State College, 520 U.S. 1193 (Apr. 21, 1997); Azubuko v. Registrar of Motor Vehicles, 520 U.S. 1157 (Mar. 31, 1997); Azubuko v. First Nat. Bank of Boston, 520 U.S. 1127 (Mar. 17, 1997); Azubuko v. Montgomery, 520 U.S. 1106 (Mar. 3, 1997); Azubuko v. Bd of Trustees, Framingham State College, 519 U.S. 1134 (Feb. 18, 1997); Azubuko v. Mass. Com'r of Registry, 516 U.S. 919 (Oct. 10, 1995); Azubuko v. Murdoch, 515 U.S. 1125 (Jun. 5, 1995); Azubuko v. Chief Probation Officer, 514 U.S. 1070 (May 30, 1995); Azubuko v. Chief Probation Officer, 514 U.S. 1070 (Apr. 17, 1995); Azubuko v. Commissioner of Parking, City of Boston, 513 U.S. 1137 (Jan. 23, 1995); Azubuko v. Commissioner of Parking, City of Boston, 513 U.S. 983 (Oct. 31, 1994). The frequent and repetitive filings caused the United States Court of Appeals for the Second Circuit to admonish plaintiff that "future frivolous filings may result in sanctions, which may include monetary sanctions or prohibition from further filings in this Court." Azubuko, 2000 WL 553184, at *1.

[2] 42 U.S.C.A. § 1981 protects the rights of all persons within the jurisdiction of the United States to "make and enforce contracts," to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. To "make and enforce contracts" is defined for purposes of this section as the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.  The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[3] Although invoking relief under these statutes in his introductory paragraph, the subsequent paragraphs of the complaint reference 42 U.S.C. § 1981. (D.I. 2)

2

## II. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether the plaintiff is eligible for pauper status. Whether to grant or deny an in forma pauperis petition lies within the sound discretion of the trial court. Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). Factors to consider in this determination are: (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess. See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(detailing economic standards to be employed in deciding in form pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)(same). The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Plaintiff has submitted an affidavit stating that he receives about $600 bi-weekly as a substitute teacher in the Boston, Massachusetts Public Schools, earns approximately $1,200 from his transportation service, and has about $200 in a bank account. (D.I. 1) Plaintiff lists his two children and a friend as people 100% dependent on him for financial support.

Considering plaintiff's obligations and income in light of the authority above, the court finds plaintiff does not have the ability to pay the $250 filing fee, and the petition to proceed in forma pauperis is granted.[4]

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[5] If plaintiff's complaint falls under any one of the exclusions listed in the statutes, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard

---

[4] The court is mindful of a contrary decision by the United States District Court for the Eastern District of Pennsylvania. Azubuko v. Massachusetts State Police, 2004 WL 2590502 (E.D. Pa. Nov. 12, 2004). There, the court denied the in forma pauperis petition based on similar financial information, but at the time the filing fee was $150 not $250, as now required. While denying plaintiff's petition, the court, nonetheless, undertook review under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the complaint for failure to state a claim on which relief could be granted. (Id.)

[5] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

4

of review provided for in Fed. R. Civ. P. 12(b)(6). <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." <u>Id.</u> The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[6]

With this in mind, pro se complaints are reviewed under "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

## III. DISCUSSION

Plaintiff alleges that defendant, ostensibly, a financial institution in the business of providing consumer loans, agreed

---

[6] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Accordingly, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

to provide financing for a car he wished to purchase.[7] (D.I. 2) Plaintiff contends that, because his credit history was inaccurate, the loan rate offered by defendant was unjustly high and usury. Despite the high interest rate, plaintiff entered into the loan agreement with defendant. Subsequently, plaintiff tried, unsuccessfully, to renegotiate the loan terms for a better rate. Sometime later, plaintiff needed another vehicle and again entered into a financing agreement with defendant. Plaintiff's attempts to obtain a lower interest rate on the loan were rejected by defendant, who again relied on "inaccurate" information in plaintiff's credit report. All events in issue occurred in Massachusetts. (D.I. 1, 2)

Although plaintiff suggests that jurisdiction over this matter is appropriate under 28 U.S.C. § 1331,[8] a reading of his allegations against the prevailing authority proves otherwise. Specifically, § 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001).

---

[7]According to his complaint, plaintiff, a Massachusetts resident, went to Claire Motors, West Roxbury, Massachusetts, to purchase a car in 2000. (D.I. 2) A U.S. Marshall form 285 submitted by plaintiff reveals that Eastern Bank is located in Lynn, Massachusetts. (Id., attachment)

[8]This section grants original jurisdiction to district courts in all civil actions arising under the Constitution, laws, or treaties of the United States. By claiming violations of 42 U.S.C. § 1981, jurisdiction, presumably, emanates from 28 U.S.C. § 1331.

6

To maintain a § 1981 discrimination claim, plaintiff must demonstrate that defendant intentionally discriminated against him "because of race in the making, performance, enforcement of the benefits, terms or conditions of the contractual relationship." McBride v. Hosp. of the University of Pa., 2001 WL 1132404, at *3 (E.D. Pa. Sept. 21, 2001). Moreover, plaintiff must show: (1) that he is a member of a racial minority; (2) an intent to discriminate by defendant; and (3) that the discrimination concerned at least one of the activities outlined in § 1981. Id.

Plaintiff's complaint is at points rambling and ambiguous, however, there is no mention of defendant engaging in discriminatory conduct sufficient to implicate § 1981. Instead, the focus of his discontent rests with disputed information related to student loans in his credit report. Plaintiff claims he paid the loans, but was not properly credited by the financial institution. There is no contention that this disputed information resulted from discriminatory conduct by anyone involved. Also missing from plaintiff's assertions is information demonstrating that plaintiff is a member of a racial minority. Id. Having failed to demonstrate the necessary elements of a § 1981 action, plaintiff's complaint does not state a claim upon which relief can be granted.

Alternatively, even assuming plaintiff's complaint satisfies

the elements of a § 1981 claim, the complaint remains flawed because of problems with the court's ability to exercise personal jurisdiction over defendant. See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999). When considering personal jurisdiction, the court conducts a two-step analysis. Intel Corp. v. Broadcom Corp. 167 F. Supp.2d 692, 699 (D. Del. 2001). First, the court must determine whether the Delaware long arm statute authorizes jurisdiction. See 10 Del. C. § 3104(c); Fed. R. Civ. P. 4(e)(1). Second, the court must determine whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Intel Corp. v. Silicon Storage Tech., Inc., 20 F. Supp.2d 690, 694 (D. Del. 1998).

The Delaware long-arm statute has been construed "broadly to confer jurisdiction to the maximum extent possible under the due process clause." LaNuova D & B S.p.A. v. Bowe Co., 513 A.2d 764, 768 (Del. 1986). In pertinent part, 10 Del. C. § 3104 provides:

> c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business,

engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
(5) Has an interest in, uses or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

The tortious conduct claimed occurred entirely in Massachusetts between Massachusetts citizens. The record is entirely silent on any connection whatsoever to Delaware. Applied to these facts, the Delaware long-arm statute does not confer to the court jurisdiction over defendant.[9]

Finally, because any attempt to amend the complaint under Fed. R. Civ. P. 15(a) would be futile for the reasons discussed above, plaintiff's complaint is dismissed with prejudice. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).

IV. CONCLUSION

At Wilmington this 18th day of March, 2005 for the reasons stated;

IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (D.I. 1) is granted.

---

[9]Assuming arguendo that the first step of the analysis is satisfied, the court finds that granting personal jurisdiction does not comport with the Due Process Clause of the Fourteenth Amendment.

2.  Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____
United States District Judge