UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AZUBUKO - <br>    Plaintiff <br><br> vs. <br><br> EASTERN BANK, INC. - <br>    Defendant | CIVIL ACTION NUMBER: <br> 05-0031-SLR |

**PLAINTIFF'S FOR COURT'S ISSUANCE OF SPECIFIC INJUNCTION AGAINST THE DEFENDANT'S RE-POSSESSION OF THE CAR**

The would be the bases for the head:

01) With or without the head, the Defendant should not re-possess the car central to *sub judice*. To be on the safe side, the Plaintiff deemed it intelligent to motion for the injunction. [Fed. R. Civ. P. 65]

02) On more scores than one, the Plaintiff's prayer to the Court hinged on:

a) The alleged Plaintiff's student loan reflected on the calculation of the interest rate for the car in question and previous loan contract. By and large, the Plaintiff constructive repaid the loan, but it was knowingly rejected. That violated the law. [Uniform Commercial Code Chapter 106; Massachusetts' General Law Chapter (M.G.L.c.) 106: Section 3-604 Discharge by cancellation or Renunciation]

b) The credit reports against the Plaintiff markedly deviated from the constitutional provisions. In essence, they were made without due diligence – due process was sacrificed. Regardless to the composition of the 15 USC Section 1681i entitled: "Procedure incase of disputed accuracy." The Constitution distinctively states that no life, property and liberty should be taken without due process. Nonetheless, the inclusion was modified. [15 USC Sections 1681n-o] Of course, there was conflict of law. Generally, the statutory yielded to the Constitution!

03)  The Plaintiff last summer was sued vis-à-vis the alleged non-amortized student's loan at the Massachusetts' West Roxbury District Court. The case being a federal question under 20 USC Section omitted was removed to the United States' District Court, Eastern District of Louisiana. Contrary to the Plaintiff's strong opposition, it was transferred to the District of Massachusetts. The said Court's ruling characteristically was perfunctory and crassly unintelligent. However, it was moot on the issue of repayment. It was moot, because the Plaintiff acted in conformity with the law – repayment and subsequent rejection. The Court would have disclosed if it were interested or not to execute *supplemental jurisdiction* given there existed no federal law to justify the matter in question. Courts had assumed jurisdiction where such a situation had prevailed.. The Massachusetts' Court docket number was: 04-12690-NMG [for ease of reference]

04)  The Plaintiff was not a free rider. The Defendant disclosed that the balance was $16,695.74. Indeed, for the Plaintiff to continue with the payment meant allowing the Defendant to unjustly enrich itself in the face of *illegality*. The credit reporting agencies assembled the negative information negligently or with "… exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." [15 USC Section 1681(a)(4)]

05)  The credit agencies' reports flagrantly violated the *statute of limitations* provision of the Fair Credit Report Act. [15 USC Section 1681(C). The so-called defaulted student's loan should not have been reported in view of the time the loan was taken – 1994/94 academic year. For ease of reference, the loan was taken in October 2003. Unfortunately, it was reported and it reflected on the Plaintiff's interest computation. Succinctly, the reports mountainously deviated from the law. [15 USC Section 1681(a) entitled: "Congressional findings and statement of purpose"] Without mincing words, the reports were not <u>investigative</u> as the law demanded. Sadly, the credit reporting agencies preferred Burger King's reports to recherché or careful ones. The credit agencies immolated due diligence for carelessness. That was not the fault of the Plaintiff and the Plaintiff would not be engaged on constructive slavery for their *negligence*. The Plaintiff understood that the Defendant's had to make profits, but the interest rate was abnormal or usurious. At the time of the loan, the *prime rate* was at 3.1

or 3.2. Undoubtedly, the Defendant took *unconscionable* advantages of the Plaintiff, because there existed irrefutable *inequality of bargaining power*. Courts intervention when an *unjust enrichment* prevailed was not a virgin measure on the case.

## CONCLUSION

The Plaintiff prayed the Court to grant his motion expeditiously or in a manner of urgency. Hopefully, "justice will be done and be seen to be done." The loan should be refinanced without taking into consideration the legally defective assembled reports. The Plaintiff was not the author of the United States' Constitution, which specified that life, liberty and property should not be taken without Due Process or an opportunity to confront one's accuser/s. When there existed conflict of law the constitutional source/s would not be trivialized. The reports matched with "*trial by ambush*" or "reporting by ambush." With candor in communications, the Plaintiff would oppose any overture to using him as a cash cow by anyone no matter how highly place. History spoke for itself! The Plaintiff thunderously prayed for prevalence of the rule of law unanimously and not judicial tokenism or whimsicality.

Respectfully submitted from Boston, Massachusetts on Saturday – March 12th – 2005.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Plaintiff upon the penalties for perjury certified that a copy of the head was served upon the Defendant via the United States' Postal Service Certified Mail No. 7002 2030 0007 1965 9485 on Monday – March 14th – 2005.

CHUKWUMA E. AZUBUKO,
Pro Se.