UNITED STATES' DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| AZUBUKO - <br>    Plaintiff <br><br> vs. <br><br> EASTERN BANK - <br>    Defendant | CIVIL ACTION NUMBER: <br> 05-0031-SLR |

PLAINTIFF'S MOTION FOR COURT TO ISSUE EMERGENCY *PERMANENT INJUNCTION/WRIT OF MANDAMUS* FOR DEFENDANT'S RETURN OF THE CAR IT REPOSSESSED

These would be the bases for the head:

01) The Plaintiff had submitted 'Plaintiff Emergency Motion for the Defendant to Return the Car' pending with the Court dated March 17th – 2005. The Plaintiff deemed it intelligent to submit current motion for four reasons, namely:

   a) The receipt of the Court's ruling and the propensity for over-protection of the Defendant;

   b) Non-mentioning of an injunction in the pending motion;

   c) The demand by the Defendant's Agent for the Plaintiff to give up the key to the car to the Defendant's Agent cunningly and

   d) Agent's reiteration for auctioning the car sooner.

02) The Court should grant the Plaintiff the motion, so as to prevent the auction of the car sooner. If it were auctioned, it would complicate issues before the Court. Well, anything could be quantified in dollars value!

03) The Plaintiff needed not to make the motion based on *sub judice* [as already particularized upon and exhibited] However, the Plaintiff had to make the

motion, because the Defendant's employees the Plaintiff spoke with acted as if they understood the law, but in all modesty, they did not.

04) Hopefully, the Court should handle the case cautiously and if it became a *legal impossibility*, the Plaintiff would appeal it <u>immediately</u>. Nonetheless, if the Court failed to grant the Plaintiff the motion in question, it would be akin to "state action" discrimination. It would trigger of the Court and the Defendant being *jointly* or *divisibly* liable to the Plaintiff. For the Court, it qualified for "failure to enforce law" amongst others. [42 USC Sections 1986, 1983 and 1985(3)] The Court entered judgement in favor of the Defendant for lack of *personal jurisdiction*, but the Plaintiff had meticulously disabused the stance and hoped the verdict would be reversed. If it were not reversed, it would typify knowingly violation of the law or exposure or condemnation of the Plaintiff to *injury of law*. Indeed, even Pharaoh would change his mind central to the Plaintiff's motion or particularization upon the bases, which justified the Court's exercise of in *personam* or *general jurisdiction* over the case or the Defendant. The invaluability of the Clayton Act or the anti-trust law the Plaintiff specified in the Complaint and in the current motion would not be over-emphasized.

## CONCLUSION

With candor in communications and in the name of natural justice, the Plaintiff was not crying for any judicial moon. The Court should unhesitating grant the Plaintiff's prayer or motion. The car should be preserved or return to the Plaintiff: if the Court deemed its preservation to be a *legal impossibility*, the Court was entitled for its thinkings, but the Plaintiff would remind the Court that "if it kissed, it has to marry." In essence, theoretically, the law should be no respecter of any person. The Court had no discretion to grant the motion, but duty to act. It never meant that the Plaintiff presumed upon the generosity of the Court. The interest of the law should be maximized if it could not be optimized. "If the Court listened, it would hear the voice of the Plaintiff." [Proverb]

Respectfully submitted from Boston – Massachusetts – on Friday – March 25th – 2005.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

CERTIFICATE OF SERVICE

Under the penalties for perjury, the Plaintiff certified that the true copy of the head was served upon the Defendant and the Attorney General of the United States at their respective address on Saturday – March 26th – 2005 - thus:

Eastern Bank,
One Eastern Place,
Lynn, Massachusetts 01901-1508 and

United States' Attorney General,
Department of Justice
Room 5614,
950 Pennsylvania Avenue, N. W.,
Washington, DC 20530-0001.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.