NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2039
_____

CHUKWUMA E. AZUBUKO,

Appellant

v.

EASTERN BANK

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00031)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2005
Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   December 16, 2005 )
_____
OPINION
_____

PER CURIAM

In the United States District Court for the District of Delaware, Chukwuma

Azubuko filed a complaint against Eastern Bank, which financed two of his car loans.

He claimed that Eastern Bank, relying on purportedly inaccurate information in his credit report, charged him interest so high as to be usurious and refused his request for refinancing.  He additionally contended that pursuant to one loan agreement, he was entitled to, but did not receive, an amount equal to two years of interest payments after he paid off his loan early.  He also made a broad claim of negligence arising from the same facts and circumstances.  As a basis for federal jurisdiction, Azubuko cited 42 U.S.C. § 1981 (noting, on page 4 of his complaint, that the relevance of § 1981 could not be over-emphasized), as well as the Sherman and Clayton Antitrust Acts.[1]

The District Court dismissed the complaint, holding that Azubuko had failed to state a claim under § 1981, or, in the alternative, that if he had stated a claim, the District Court did not have personal jurisdiction over Eastern Bank.  The complaint was dismissed with prejudice on the ground that amendment was futile.  Azubuko appeals.[2]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's order dismissing Azubuko's complaint pursuant to 28 U.S.C. § 1915(e)(2) is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We review the dismissal of the state law claims pursuant to 28 U.S.C. § 1367(c) for abuse of

---

[1] Although he mentions antitrust laws, Azubuko makes no allegations of antitrust violations.

[2] Previously, Azubuko's appeal was dismissed pursuant to LAR 3.3 and LAR Misc. 107.1(a) because he did not pay the filing and docketing fees or request in forma pauperis status with the time period permitted.  However, we later granted his motion to reopen his appeal as well as his motion to proceed in forma pauperis.

discretion.  Cf. De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003).  For the reasons set forth below, we will affirm in part and vacate in part.

The District Court properly held that Azubuko did not state a claim under § 1981.  Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts.  See St. Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987); Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999).  Although his complaint is not a model of clarity, Azubuko appears to primarily protest the inclusion of inaccurate information in his credit report by entities not a party to his lawsuit.  Even read broadly, his allegations that Eastern Bank subjected him to a "constructive peonageism" and "constructive enslavement" when it would not refund the interest to which Azubuko believed he was entitled (Appendix, Ex. 2 at 4) do not make out a claim of discrimination in violation of § 1981.

The District Court also properly declined to consider Azubuko's state law contract or tort claims,[3] by deciding against exercising its supplemental jurisdiction over these state law claims that remained after his federal claim had been dismissed.  See 28 U.S.C. § 1367(c); De Asencio, 342 F.3d at 309.

However, the District Court erred in dismissing Azubuko's complaint with prejudice.  Amendment should be permitted unless it would be inequitable or futile.  See

---

[3]Azubuko may not be able to recover for the same injury under contract and tort theories.  However, the Federal Rules of Civil Procedure permit pleading in the alternative.  Fed. R. Civ. P. 8.

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Although it is likely that Azubuko will not be able to allege all that is necessary to state a claim for the violation of his federal rights, it is not clear that amendment would be futile.  He alludes to race-based discrimination in his complaint (e.g. "constructive enslavement," (Appendix, Ex. 2 at 4)) and through a newspaper article about increased loan costs for Black borrowers attached to a motion he filed in the District Court (Plaintiff's Motion for Court to Determine What Prevailed - Plaintiff's First Motion for Reconsideration and Notice of Appeal, Ex. 1).

     Furthermore, in ruling that leave to amend would be futile, the District Court apparently relied in part on its sua sponte determination that it lacked personal jurisdiction over Eastern Bank.  This Court has held that "because personal jurisdiction may be conferred by consent of the parties, expressly or by failure to object, . . . a court may not sua sponte dismiss for want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion."  See Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969).  Most federal appellate courts concur that a sua sponte dismissal for lack of personal jurisdiction is error.  See, e.g., Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 41 (1st Cir. 2001); Buchanan v. Manley, 145 F.3d 386, 388 (D.C. Cir. 1998) (concluding that such a sua sponte dismissal is error with the potential to be considered harmless error if an appellant has an opportunity to present evidence for the first time and otherwise challenge the ruling on appeal); Williams v. Life Sav. & Loan,

802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) (holding that a district court may not dismiss an action for lack of personal jurisdiction, unless a default judgment is about to be entered). Cf. Lipofsky v. New York State Workers Compensation Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (permitting a district court to evaluate, sua sponte, the issue of personal jurisdiction, in the absence of waiver, but disallowing a court from dismissing without giving the parties an opportunity to present evidence). In Uffner, the court explained why the ability to waive the defense of personal jurisdiction should remain with the parties:

> Unlike subject-matter jurisdiction, which is a statutory and constitutional restriction on the power of the court, see U.S. Const. art. III, § 1, personal jurisdiction arises from the Due Process Clause and protects an individual liberty interest. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982). The ability to waive this right thus reflects the principle that "the individual can subject himself to powers from which he may otherwise be protected." Id. at 703 n.10.

244 F.3d at 41. Therefore, even though Eastern Bank had not entered an appearance, the District Court should not have sua sponte considered lack of personal jurisdiction as a basis for dismissing Azubuko's complaint or for ruling that amendment was futile.

In conclusion, because the District Court abused its discretion, we will vacate the District Court's order to the extent that the District Court denied Azubuko leave to amend his complaint. In all other respects, we will affirm the District Court's order. We remand this matter to the District Court for further proceedings consistent with this opinion.