IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,      ) | |
| )| |
| Plaintiff,     ) | |
| ) | |
| v.                        ) | Civ. No. 05-031-SLR |
| ) | |
| EASTERN BANK,             ) | |
| ) | |
| Defendant.     ) | |

**MEMORANDUM ORDER**

At Wilmington this 20th day of January, 2006, this matter having been remanded by the United States Court of Appeals for the Third Circuit for consideration consistent with its opinion;

IT IS ORDERED that this action is transferred to the United States District Court for the District of Massachusetts for the reasons that follow:

1. Plaintiff, a resident of Boston, Massachusetts, filed suit against defendant, Eastern Bank, on January 20, 2005. (D.I. 2, attachment) Plaintiff contends that defendant, a financial institution in the business of providing consumer loans in Massachusetts, agreed to provide financing for a vehicle plaintiff wanted to purchase. (Id.) The car was located and listed for sale at a Massachusetts car dealer. (D.I. 7, 2) Plaintiff contends that, because his credit history was inaccurate, the loan rate offered was unjustly high and usury.

Despite the high interest rate, plaintiff entered into the loan agreement with defendant.  Subsequently, plaintiff tried, unsuccessfully, to renegotiate the loan terms for a better rate.  Sometime later, plaintiff needed another vehicle and again entered into a financing agreement with defendant.  Plaintiff's attempts to obtain a lower interest rate on the loan were rejected by defendant, who again relied on the "inaccurate" information in plaintiff's credit report.  All events at issue occurred in Massachusetts and, according to plaintiff, violate 42 U.S.C. § 1981.[1]  (D.I. 9)

       2.  A federal "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only" in:  (1) a district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) a district in which any defendant may be found if there is no district where the action may otherwise be instituted.  28 U.S.C. § 1391(b).  Where the interests of justice so warrant, a federal court can cure venue defects by transferring the case to any district in

---

[1]Although this court was affirmed with regard to its dismissal of plaintiff's § 1981 claims, the Third Circuit's remand to address personal jurisdiction suggests that this cause of action may still be viable.

which the case could have been brought. 28 U.S.C. § 1406(a);[2] see also 28 U.S.C. § 1404(a).

3.  Considering plaintiff's submissions, it is apparent that he lacks any connection to the State of Delaware. As noted, plaintiff and defendant are located in Massachusetts and the allegations giving rise to this action occurred entirely in Massachusetts. None of plaintiff's filings demonstrate any connection to Delaware nor has he presented any reason for the action not to be maintained in the District of Massachusetts.

4.  The court, however, has discovered that plaintiff's filing in this district is likely related to orders entered by the District of Massachusetts barring him from filing claims pro se unless certain conditions are met. See Chukwu v. Registry of Motor Vehicles, C.A. No. 95-11661-WGY (D. Mass. Sept. 6, 1995). These measures were adopted to control plaintiff's prolific and abusive filing of complaints in Massachusetts.[3]

5.  Without the ability to file randomly in Massachusetts, plaintiff started filing complaints in district

---

[2] A court can also dismiss the action under this section. Because the Third Circuit remanded this matter to allow plaintiff the opportunity to amend the complaint, dismissal is not appropriate at this time.

[3] Plaintiff has filed 22 cases under the name Chukwu Azubuko and 11 cases under the name Azubuko Chukwu. Azubuko v. Urban Edge Property Management, No. 05-10066, at 3-4 (D. Mass. Feb. 24, 2005).

3

courts across the country.[4]  Because many of the cases were transferred[5] to the District of Massachusetts based on lack of venue, that court observed that "the only logical inference which can be drawn by institution of this suit in another district, is that [plaintiff] was attempting to avoid the prerequisites imposed" by the court.  Azubuko v. Urban Edge Property Management, No. 05-10066-GAO, at 10; accord Azubuko v. Commonwealth Auction Association, 03mc10053-PB, (D. Mass. Dec. 17, 2003)(plaintiff warned to comply with aforementioned pro se filing requirements notwithstanding that actions may have been in another district).

---

[4]PACER, the federal judiciary's electronic public access system, reveals that plaintiff has filed approximately 30 cases in:  (1) the District of New Jersey; (2) the Eastern District of Pennsylvania; (3) the Southern District of New York; (4) the Southern District of California; (5) the District of Connecticut; (6) the Northern District of Georgia; (6) the District of Florida; (7) the Southern District of Georgia; (8) the Middle District of Louisiana; (9) the Middle District of Georgia; (10) the Northern District of Illinois; and (11) the District of Delaware, where two of his three cases were dismissed as frivolous.

[5]See e.g. Azubuko v. Assie, No. 01-7688 (2d Cir. 2002); Azubuko v. U.S. Dep't of Justice, No. 403cv086 (S.D. Ga); Azubuko v. Zobel, No. 05-3888(JAP)(D. N.J. 2005).

5.  Considering the lack of any connection to the State of Delaware on any level, as well as the standing orders entered by the District of Massachusetts, the court finds that transfer is appropriate and promotes judicial economy by enabling one court to manage plaintiff's litigation.

> United States District Judge