UNITED STATES' DISTRICT COURT
DISTRICT OF DELAWARE

AZUBUKO -
   Plaintiff

v.

EASTERN BANK -
   Defendant

DOCKET NUMBER:
1:05-031-SLR

APPEALS' COURT NO.
05-2039

FILED
FEB 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PLAINTIFF'S OBJECTION TO CASE TRANSFER

Lately, the Appellant received the Court's "Memorandum Order" and another one could describe as actual transfer of the proceedings to the Massachusetts' District Court – Massachusetts. They were dated January 20th and 24th respectively.

By and large, the action markedly deviated from what the Third Circuit expected. The transfer action should be recanted. It was proper, but too late. In jurisprudence anything could be possible! If the Massachusetts' Court wobbled over the case, then the necessary parties had to start the appeal process all over. In the course of engagement on certain actions, one should make mountainous effort to distinguish feelings from thinkings. Without mincing words, the transfer measure was crassly improper and was not within the scope of the Third Circuit's aim of remand. It fertilized ground for prostitution of much-needed time and societal resources. The Court really swooped a horse in the mid-stream. If the Court had embarked on the measure initially, it would be comprehensible and efficient. The proceedings had been appealed and should not be outside the control of the Third Circuit. What an uncanny or unorthodox precedent! Who liked to flogging a dead horse?

### CONCLUSION

Reiteratively, the transfer measure should be recanted without delay. Of course, the timing was extraordinarily harmful, abuse of discretion and queer. The Third Circuit's remand Order never meant transfer. The Appellant never knew where remand

order associated or triggered off transfer to another jurisdiction. In view of the subject matter of the proceedings, the lower Court had *in personam* or general jurisdiction, though it could trivialize it. The facts and the law unquestionably existed. Hopefully, the Plaintiff prayed the Court effusively to act in manners, which irrefutably matched with the spirit of the law and intelligent administration of justice. Could "An Israelite in whom there is no deceit"[1] notion be associated with the matter in question? With candor in communications, the stable should not be closed after the horse had been stolen!

Respectfully submitted on Monday – January 30th – 2006.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

**CERTIFICATE OF SERVICE**

The Plaintiff under the penalties for perjury certified that a true copy of the head was served upon:

01) The Clerk,
United States' Court of Appeals,
21400 United States' Courthouse,
601 Market Street,
Philadelphia – PA 19106 and

02) M. Robert Dushman, Esquire,
Brown Rudnick,
One Financial Center,
Boston – MA 02111

via the United States' pre-paid first-class mail on Monday – January 30th – 2006.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

---

[1] The calling of Mathias as one of the Disciples in the Bible - New Testament

